

FILED

MAY 2 0 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:26-CR-  119 |
| | § | JUDGES / |
| ADELL WILLIS (01) | § | RWS/JBB |
| JUDY LY (02) | § | |
| | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT ONE

Violation:  21 U.S.C. § 846
(Conspiracy to Distribute and Possess with
Intent to Distribute Synthetic Opioids, Synthetic
Cannabinoids, Synthetic Stimulants, and
Controlled Substance Analogues)

Beginning in or about March of 2023, the exact date being unknown to the United

States Grand Jury, and continuing thereafter until at least the date of the return of this

indictment, in the Eastern District of Texas and elsewhere, the defendants, **Adell Willis**,

and **Judy Ly**, did knowingly and intentionally combine, conspire, confederate, and agree

with each other and with others, both known and unknown to the United States Grand

Jury, to violate a law of the United States of America, to wit, 21 U.S.C. § 841(a)(1),

prohibiting the possession with intent to distribute and distribution of: approximately 18.3

grams of 1,4-Butanediol, a Schedule I controlled substance analogue of Gama-

Hydroxybutyric Acid as defined in 21 U.S.C. § 802(32)(A), knowing the substance was

**Indictment - Page 1**

intended for human consumption as provided in 21 U.S.C. § 814, as a central nervous system depressant, approximately 1,383 grams of MDMB-4en-PINACA, a Schedule I controlled substance and synthetic cannabinoid, approximately 97.12 grams of Protodesnitazene, a Schedule I controlled substance analogue of etodesnitazene, as defined in 21 U.S.C. § 802(32)(A), and approximately 190 grams of N,N-Dimethylpentylone, a Schedule I controlled substance and synthetic cathinone.

In violation of 21 U.S.C. § 846.

## COUNT TWO

<u>Violation</u>:   18 U.S.C. § 371
(Conspiracy to Possess Contraband in Prison)

Beginning in or about March 2023, the exact date being unknown to the United States Grand Jury, and continuing thereafter until at least the date of the return of this indictment, in the Eastern District of Texas and elsewhere, the defendants, **Adell Willis (Willis)** and **Judy Ly (Ly)**, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others, both known and unknown to the United States Grand Jury, to commit and abet certain offenses against the United States, to-wit: Possession of Contraband in Prison, in violation of 18 U.S.C. § 1791.

## Object of the Conspiracy

It was the object of the conspiracy for the defendants, **Willis** and **Ly**, to provide prison inmates with synthetic opioids, synthetic cannabinoids, synthetic stimulants, and controlled substance analogues, in correctional institutions.

## Manner and Means of the Conspiracy

It was part of the conspiracy that **Willis,** purchased synthetic opioids, synthetic cannabinoids, synthetic stimulants, and controlled substance analogues from suppliers in China;

It was part of the conspiracy that **Willis,** sent and caused to be sent, from his residence in the Eastern District in Texas, and caused to be sent directly from China, synthetic opioids, synthetic cannabinoids, synthetic stimulants, and controlled substance analogues to **Ly's** residence in Grand Rapids, Michigan;

**Indictment - Page 3**

It was part of the conspiracy that both **Willis**, at his residence in the Eastern District of Texas, and **Ly,** at her residence in Michigan, would both mix synthetic opioids, synthetic cannabinoids, synthetic stimulants, and/or controlled substance analogues into a liquid solution and then saturate and infuse sheets of paper with the solution.

It was part of the conspiracy that both **Willis**, from his residence in the Eastern District of Texas, and **Ly,** from her residence in Michigan, would deliver the saturated sheets to others with the intent that the saturated sheets of paper be delivered to inmates at various state and federal correctional institutions around the country.

It was part of the conspiracy that **Willis** would receive payment for the saturated sheets of paper and that he would share the proceeds from these payments with **Ly**.

## Overt Acts

In furtherance of the conspiracy, and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Eastern District of Texas and elsewhere:

1.     On or about April 1, 2025, Willis sent the following message to Ly, via the electronic messaging service <u>Threema</u>: "I need you to make 30 sheet for my brother".

2.     On or about April 2, 2025 Ly sent to following message to Willis, via the electronic messaging service <u>Threema</u>: "I got 20 clean sheets here from last time if you want me to give them to her tomorrow just short 10 sheets".

**Indictment - Page 4**

3.      On or about April 6, 2025, Willis sent the following message to Ly, via the electronic messaging service <u>Threema</u>: "I need you to make 30 sheets".

4.      On or about April 7, 2025, Ly sent the following message to Willis, via the electronic messaging service Threema: "I got the 30 sheets sat to the side whenever u get the name and address send it to me".

5.      On or about April 8, 2025, Ly sent the following message to Willis, via the electronic messaging service Threema: "I had already got 20 clean sheets I just show u? Can I give that person that n just make 10 more?".

6.      On or about November 18, 2025, the defendant **Willis** possessed, with the intent to distribute, the following controlled substances at his residence in Lewisville, Texas, in the Eastern District of Texas: MDMB-4en-PINCA and Protodesnitazene.

7.      On or about November 18, 2025, the defendant **Ly** possessed, with the intent to distribute, the following controlled substances at her residence in Grand Rapids, Michigan: MDMB-4en-PINCA, N,N-Dimethylpentylone, and Protodesnitazene.

All in violation of 18 U.S.C. § 371.

## COUNT THREE

> Violation:   21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2
> (Possession with Intent to Distribute Synthetic Opioids, Synthetic Cannabinoids, Synthetic Stimulants, and Controlled Substance Analogues)

On or about November 18, 2025, in Collin County, Texas, in the Eastern District of Texas, **Adell Willis**, defendant charged herein, did knowingly and intentionally possess with intent to distribute: approximately 18.3 grams of 1,4-Butanediol, a Schedule I controlled substance analogue of Gama-Hydroxbutyric Acid as defined in 21 U.S.C. § 802(32)(A), a central nervous system depressant, knowing that the substance was intended for human consumption, as provided in 21 U.S.C. § 813, and approximately 41.2 grams of MDMB-4en-PINACA, another Schedule I controlled substance,

In violation of 21 U.S.C. §§ 813, 841(a)(1) and 841(b)(1)(C), 21 U.S.C. § 802(32)(A) and 18 U.S.C. § 2.

Indictment - Page 6

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1) & 28 U.S.C. § 2461(c)

As the result of committing one or more of the foregoing offenses alleged in this indictment, the defendants herein shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1) & 28 U.S.C. § 2461(c):

1. any property constituting, or derived from, and proceeds the defendants obtained, directly or indirectly, as the result of such violations;

2. any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, and/or;

**Cash Proceeds:**

A sum of money equal to $100,000.00 in United States currency and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the defendants as a result of the offenses alleged in this indictment, for which the defendants are personally liable.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;
    (b)    has been transferred or sold to, or deposited with a third person;
    (c)    has been placed beyond the jurisdiction of the court;
    (d)    has been substantially diminished in value; or
    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendants.

By virtue of the commission of the offenses alleged in this indictment, any and all

Indictment - Page 7

interest the defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1) & 28 U.S.C. § 2461(c).

A TRUE BILL,

5/20/2026
Date

JAY R. COMBS
UNITED STATES ATTORNEY

JIM NOBLE
Assistant United States Attorney

FOREPERSON OF THE GRAND JURY

5/20/26
Date

Indictment - Page 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:26-CR- |
| | § | JUDGES |
| ADELL WILLIS (01) | § | |
| JUDY LY (02) | § | |

## NOTICE OF PENALTY

### COUNTS ONE and THREE

Violation:          21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C)

Penalty:            Imprisonment for a term of not more than 20 years; a
fine not to exceed $1,000,000, or both; and a term of
supervised release of at least 3 years.

Special Assessment:    $100.00 on each count.

### COUNT TWO

Violation:          18 U.S.C. § 371

Penalty:            Imprisonment for a term of not more than 5 years; a
fine not to exceed $250,000, or both; and a term of
supervised release of not more than 3 years.

Special Assessment:    $100.00

Indictment - Page 8